# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| TEXAS DEPT. OF FAMILY AND PROTECTIVE SERVICES | § § § | |
| V. | § § | A-09-CV-736 LY |
| ALLSTATE TEXAS LLOYDS | § § | |

## ORDER

Before the Court are the Department of Family and Protective Services' Objections and Motion to Quash Subpoena Duces Tecum and for a Protective Order (Clerk's Doc. No. 9); Plaintiff's Response to the Department of Family and Protective Services' Objections and Motion to Quash Subpoena Duces Tecum and for a Protective Order (Clerk's Doc. No. 7);[1] Allstate Texas Lloyds Supplemental Response to Issues Raised at the Friday, October 30, 2009 Hearing (Clerk's Doc. No. 14); and the Department of Family and Protective Services' Response to Plaintiff Allstate's Letter Brief Clarifying Allstate's Position on its Subpoena Duces Tecum (Clerk's Doc. No. 15).

On October 20, 2009, the District Court referred the above to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. The Court held a hearing on the motion on October 30, 2009, and received supplemental briefing on the motions on November 5 and 6, 2009.

## I. PROCEDURAL HISTORY AND BACKGROUND

On September 25, 2009, the Department of Family and Protective Services ("DFPS"),

---

[1] Clerk's Docket Nos. 7 and 9 amend the initial motion and response. Accordingly, Clerk's Docket No. 1 is DENIED AS MOOT.

movant in this action, was served with a subpoena issued by respondent Allstate Texas Lloyds pertaining to a declaratory judgment action filed by Allstate against Cassiopeia Anderson and Jo Anna Kanui in the Northern District of Texas. DFPS has moved to quash the subpoena, arguing that the documents and things requested are investigative materials and evidence collected by DFPS officials in connection with an investigation of a report of alleged or suspected abuse or neglect regarding a minor child, K.R. DFPS contends that these items are subject to a privilege and cannot be disclosed absent a showing of necessity, pursuant to Texas Family Code Section 261.201.

At issue in the declaratory judgment action is whether Allstate has a duty to defend its insured, Cassiopia Anderson, in a separate lawsuit pending in Tarrant County. In the Tarrant County action, it is alleged that both Ms. Anderson and DFPS breached various duties to K.R. and that K.R. suffered bodily injuries as a result of those breaches on April 2, 2007. Allstate contends that there is no liability coverage for Ms. Anderson under her Allstate homeowner's policy because the policy does not protect against liability claims made by those who are also insured under the same policy, and K.R. qualified as an insured under the policy on April 2, 2007.

Resolution of the coverage issue in the declaratory judgment action will turn on the relationship between K.R. and the Andersons, as K.R. was in the foster care of the Andersons at the time she was injured. According to Allstate, in order to determine the full nature of the relationship between K.R and the Andersons, it is necessary to review the documents subpoenaed from DFPS. Allstate also contends that Texas Family Code § 261.201 does not have any bearing on the subpoena because Allstate is not seeking any records pertaining to abuse or neglect, or an investigation of abuse or neglect, but rather is seeking only documents related to the placement of K.R. with Matthew and Cassiopia Anderson.

In reply, DFPS contends that all of the documents requested by Allstate are indeed investigative materials and evidence collected by DFPS officials in connection with an investigation of alleged or suspected abuse or neglect regarding K.R and her sibling, and thus are protected under § 261.201. Additionally, DFPS contends that the documents and records Allstate is requesting are not essential to the administration of justice, as it was Lutheran Social Services ("Lutheran"), a certified child placement agency, that actually placed K.R. in the Anderson's foster home, not DFPS, and thus Allstate can obtain the documents it needs from Lutheran.

## II. DISCUSSION

Among other things, Federal Rule of Civil Procedure 45 permits a court to quash or modify a subpoena if the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies." FED. R. CIV. P. 45(c)(3)(A)(iii). Texas Family Code § 261.201 provides that investigative materials and evidence collected by DFPS officials in connection with an investigation of alleged or suspected abuse or neglect are confidential and may only be disclosed in limited circumstances. One such circumstance is if a court determines, after a hearing and *in camera* review, that disclosure of the information is essential to the administration of justice and there is no danger to the child or another person. *See In re Fulgium*, 150 S.W.3d 252, 255 (Tex. App.—Texarkana 2004, no pet.); TEX. FAM. CODE ANN. § 261.201(b).

As noted above, the parties disagree as to whether the requested documents fall under the protection of § 261.201. On this point, the Court agrees with DFPS that the documents are within the reach of the statute. The statute specifically protects files, reports, records, communications, and working papers used or developed in an investigation or in providing services as a result of an investigation. *Id.* § 261.201(a). The very reason DFPS created all of the documents at issue is

3

because of its activities related to the children, starting at the initial removal of the children from the biological parents, its investigation of the circumstances leading to the removal, and the providing of services to the children after their removal from their parents, which includes the events that occurred while the children were in foster care. Thus, Allstate must demonstrate that the records are "essential to the administration of justice and there is no danger to the child or another person" if Allstate is given access to the documents. *Id.* at § 261.201(b)(3).

An initial issue is whether the records are even relevant to the policy issue presented in the declaratory judgment suit. Under the insurance policy in question, in order to qualify as an "insured" at the time of the loss, K.R. must have met the threshold qualification of being a "resident" of the Anderson's household. "In general, Texas cases determining [the] residency [of a child] have relied on the child's relationship to the household, the nature of the child's stay in the home, and the intent of the parties." *Easter v. Providence Lloyds Ins. Co.*, 17 S.W.3d 788, 790 (Tex. App.—Austin 2000, pet. denied). DPFS contends that all that Allstate needs to have to address this issue is the placement agreement between Lutheran and the Andersons, as that agreement fully describes the nature of the relationship between the Andersons and K.R., and that agreement may be obtained from Lutheran.

Having reviewed the documents *in camera*, the Court finds that the vast majority of the records do not have any bearing on the question of K.R.'s "residency" in the Anderson's home, and therefore they are not necessary to the resolution of the declaratory judgment action. There is, however, a limited number of documents, parts of which are indeed relevant to the issues in the declaratory judgment action, and they are documents that would only be in the possession of DFPS.[2]

---

[2]The Court notes that DFPS's files contain some court records generated by the proceedings between DFPS and the biological parents following the removal of K.R. from the parents' home. These documents would appear to fall under the scope of Allstate's subpoena. However, these

4

Further, disclosure of these documents is "not likely to endanger the life or safety of the child, the person who reported the abuse, or any other person involved." TEX. FAM. CODE ANN. § 261.201(b). K.R. is no longer in the Anderson's custody, and all parties to this case are already generally aware of the issues addressed in the portions of the documents identified by the Court as relevant to the insurance dispute. Accordingly, the Court will order that DFPS produce a limited number of partially redacted documents.

The Court has redacted the documents it believes Allstate is entitled to receive in response to its subpoena, and those documents are attached to this order in a sealed package. Thus, by service of this Order, Allstate is being provided with the redacted records the Court finds are permitted to be released under the provisions of the Texas Family Code. The Court ORDERS that, if Allstate is not already subject to a protective order in the underlying declaratory judgment action, the parties to this dispute shall agree to the terms of a protective order under the form provided in this Court's Local Rules,[3] and promptly submit that to the Court for signature. Whether governed by another protective order already in place, or by an order put in place in this case, Allstate and all parties to the declaratory judgment action shall treat the documents delivered to it by this order as "Confidential," and those records shall be used only for purposes related to the declaratory judgment action, shall not be disclosed to third parties, and shall be maintained confidentially at all times.

---

documents are likely be in the possession of Ms. Kanui, who was a party to, or involved in, those proceedings, and from the response, it appears that she has already produced them in the underlying lawsuit. *See* Response, at 3. Accordingly, the Court has not addressed those court records in this order.

[3]See Appendix H of the Local Rules of the Western District of Texas, available at http://156.124.10.198/library/localrules/appen/appen-h.pdf.

## III. CONCLUSION

For the reasons set forth above, and in the manner described, the Court hereby **SUSTAINS IN PART AND OVERRULES IN PART** Non-Party Department of Family and Protective Services' Objections (Clerk's Doc. No. 9), and **GRANTS IN PART AND DENIES IN PART** DFPS's Motion to Quash Subpoena Duces Tecum and For a Protective Order (Clerk's Doc. No. 9).

SIGNED this 23rd day of December, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE